Filed 11/20/13  P. v. Moore CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B244768 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA086493) |
| v. | |
| RYAN ERNEST MOORE, | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Michael Villalobos, Judge.  Affirmed with directions.

John Scott Cramer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Kenneth C. Byrne and Shira B. Seigle, Deputy Attorneys General, for Plaintiff and Respondent.

An information filed by the Los Angeles County District Attorney charged defendant Ryan Ernest Moore in count 1 with felony assault on a peace officer (Pen. Code, § 245, subd. (c))[1], in count 2 with felony corporal injury to a cohabitant (§ 273.5, subd. (a)), and in count 3 with felony assault with a deadly weapon (§ 245, subd. (a)(1)). The information further alleged as to count 1 that defendant had personally used a knife as a deadly weapon and as to count 2 that defendant had personally used a plastic chair as a deadly weapon (§ 12022, subd. (b)(1)). Defendant pleaded not guilty and denied the special allegations.

A jury found defendant not guilty of the charged offense in count 1 but found him guilty of the lesser included offense of misdemeanor assault on a peace officer. The jury also found defendant guilty as charged in counts 2 and 3 and further found the deadly weapon allegation as to count 2 to be true.

The trial court sentenced defendant to the mid-term of three years on count 2, plus an additional one-year term for the deadly weapon enhancement. The court imposed a one-year sentence on count 1, to run consecutively with the sentence imposed on count 2. As to count 3, the court imposed and stayed a three-year sentence pursuant to section 654.

Defendant challenges his conviction of assault with a deadly weapon in count 3 and the jury's true finding as to the deadly weapon enhancement in count 2 on the ground that there was insufficient evidence that he used a plastic chair as a deadly weapon. Both defendant and the Attorney General agree that the abstract of judgment contains a clerical error that should be corrected to show that the one-year deadly weapon enhancement was imposed on count 2, and not on count 1.

Substantial evidence supports defendant's conviction for assault with a deadly weapon. We affirm the judgment but order the abstract of judgment to be corrected to accurately reflect the sentence imposed by the trial court.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## BACKGROUND

On January 10, 2011, the Los Angeles County Sheriff's Department responded to a 911 call from the victim Crystal Taylor (Taylor), who reported a domestic violence incident. Taylor told the 911 dispatcher that she had been injured by defendant, who lived with her in a tent near the Peck Road Water Conservation Park (the Park). Taylor also told the dispatcher that defendant was drunk and had been abusing her for years and that she was "sick of getting hurt."

Deputy Sheriffs DeLeon and Ramirez responded to the Park and located a tent just outside. As they approached the tent the deputies loudly announced they were police and demanded the occupant of the tent to come out. Defendant was "hostile and combative" and initially refused. He eventually emerged from the tent by crawling out on his knees. He then lunged at Deputy Ramirez, who kicked defendant in an effort to get him to remain on the ground. Defendant had an open serrated knife that he refused to drop, despite being ordered to do so several times. Defendant then lunged at Deputy Ramirez a second time with the knife in his hand. Deputy Ramirez fired his gun at defendant.

Defendant was interviewed by Detectives Schoonmaker and O'Quinn while he was in the hospital recovering from the gunshot wounds he sustained during his arrest. Defendant told the detectives that it was dark on the night of his arrest and he did not realize the deputies were law enforcement officers. When asked whether he was responsible for the injuries to Taylor, defendant initially denied hitting her. He admitted throwing a chair, but claimed he threw it towards a lake behind their tent and not at Taylor, who was standing on the other side of a large ditch. Defendant eventually admitted arguing with Taylor, hitting her, and throwing a chair at her.

At trial Deputy Ramirez and Detective O'Quinn identified defendant's tent and a plastic chair from photographs taken the night of the incident.

## DISCUSSION

### I. Standard of review

When sufficiency of the evidence to support a criminal conviction is challenged on appeal, an appellate court must review the entire record in the light most favorable to the

judgment to determine whether there is substantial evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Osband* (1996) 13 Cal.4th 622, 690.) The reviewing court must draw all reasonable inferences in support of the judgment. (*People v. Wader* (1993) 5 Cal.4th 610, 640.) "'"If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment. [Citation.]"' [Citation.]" (*People v. Kraft* (2000) 23 Cal.4th 978, 1054.) Reversal is not warranted unless it appears that "'"upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' [Citation.]" (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

## II. Substantial evidence supports the deadly weapon finding

Section 245, subdivision (a)(1) provides in relevant part: "Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm shall be punished by imprisonment . . . ."

Section 12022, subdivision (b)(1) imposes a one-year sentence enhancement for use of a deadly weapon during commission of a felony. It provides in relevant part: "Any person who personally uses a deadly or dangerous weapon in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment . . . ." (§ 12022, subd. (b)(1).)

The term "deadly weapon," as used in the above two statutes, has the same meaning. (See *People v. Lochtefeld* (2000) 77 Cal.App.4th 533, 540.) It means an object capable of inflicting great bodily injury. (*Ibid.*) The object used as a deadly weapon need not itself be inherently dangerous, but can be deemed dangerous if it is used in a manner that produces or is likely to produce death or great bodily injury. (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1029 (*Aguilar*).) "Great bodily injury" means significant or substantial injury. (*People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1066.) No proof of injury or even physical contact, however, is required to establish that an object was used as a deadly weapon. (*Aguilar, supra*, at p. 1028.) If injuries do result,

4

the extent of such injuries and their location are relevant facts for consideration, but are not conclusive. (*People v. Russell* (1943) 59 Cal.App.2d 660, 665.)

Defendant contends his conviction of assault with a deadly weapon in count 3 and the jury's finding as to the deadly weapon enhancement in count 2 must be reversed because there was insufficient evidence to prove that he used a plastic chair as a deadly weapon. He argues that the absence of evidence as to the size, weight, and dimensions of the chair, and the intent or degree of force with which he threw it, precludes any finding that he used the chair as a deadly weapon. Defendant further argues that Taylor's relatively minor injuries and her refusal to accept medical treatment, weigh against any inference that he threw the chair in a manner likely to produce great bodily injury.

We find substantial evidence in the record to support the jury's finding that defendant used a chair as a deadly weapon. The jury heard an audio recording of the defendant's interview with Detectives Schoonmaker and O'Quinn in which defendant admitted hitting Taylor and throwing a chair at her while she stood on the other side of a ditch near the tent. The jury saw a photograph of the white plastic chair defendant threw at Taylor, and of the rocky area surrounding the tent. Based on this evidence, the jury could have inferred the weight and dimensions of the chair, as well as the distance and force with which it was thrown, and concluded the chair was wielded in a manner likely to cause great bodily injury.

The jury also saw photographs of Taylor's injuries and heard testimony from officers who observed them on the night of the incident. The injuries included an abrasion on Taylor's left knee under a torn portion of her pants leg, an injury to her left thigh, swelling and bruising on the right side of her face and around her right eye. Even assuming Taylor's injuries did not constitute great bodily injury, that would not preclude the jury from finding that defendant used the chair as a deadly weapon. The jury was permitted to consider whether defendant's throwing the chair at Taylor was likely to produce great bodily injury if it had hit her face or head. (*People v. Corvino* (1980) 100 Cal.App.3d 660, 667 [although victim did not suffer great bodily injury, jury could infer that the force of the defendant's assault was likely to produce a serious injury].)

5

Moreover, no showing of physical contact or actual injury is necessary to support a conviction of assault with a deadly weapon or a true finding as to a deadly weapon enhancement. (*People v. Brown* (2012) 210 Cal.App.4th 1, 7 [section 245 "speaks to the capability of inflicting significant injury, neither physical contact nor actual injury is required to support a conviction"]; *Aguilar, supra*, 16 Cal.4th at p. 1028 ["One may commit an assault without making actual physical contact with the person of the victim; because the statute focuses on *use* of a deadly weapon or instrument or, alternatively, on force *likely* to produce great bodily injury, whether the victim in fact suffers any harm is immaterial"].)

Substantial evidence supports the jury's finding that defendant used the chair as a deadly weapon.

## III. The abstract of judgment should be amended

When an abstract of judgment does not accurately reflect the trial court's oral pronouncement of sentence, appellate courts have inherent power to correct such an error. (*People v. Mitchell* (2001) 26 Cal.4th 181, 188.) The parties agree that the abstract of judgment erroneously reflects the deadly weapon enhancement was imposed in count 1, assault on a police officer, rather than count 2, infliction of corporal injury on a cohabitant. It should be amended accordingly.

In addition, the abstract of judgment does not reflect the sentence imposed for count 1, a one-year term for the lesser included offense of simple assault on a police officer (§ 241), to run consecutively with the sentence in count 2. The abstract of judgment should be amended to correct this error as well.

**DISPOSITION**

The trial court is directed to prepare an amended abstract of judgment consistent with this opinion.  In all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.*
FERNS

_____
* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.